# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

EDDRICCO LI'SHAUN BROWN-BEY, )
)
          Petitioner, )
)   Case: 1:17-cv-00722   (G-Deck)
v. )   Assigned To : Unassigned
)   Assign. Date : 4/19/2017
)   Description: Habeas Corpus/2255
STATE OF NORTH CAROLINA, *et al.*, )
)
          Respondents. )

## MEMORANDUM OPINION

This matter comes before the court on review of petitioner's application to proceed *in forma pauperis* and *pro se* petition for a writ of habeas corpus. The Court will grant the application, and dismiss the petition.

Petitioner, who currently is incarcerated in North Carolina, identifies himself as the "Permanent Representative Of: THE TRUE MOORISH DIVINE[] NATIONAL MOVEMENT OF NORTH AMERICA." Pet. at 1 (caption) (emphasis in original). He alleges that respondents erred by identifying him as "Black" rather than as a Moorish American National. *Id.* at 4. According to petitioner, the term "Black" is a "slave label," and slaves are property that cannot commit crimes. *Id.* at 12. He "demands to be set at liberty released [and that] all Bogus charges [be] Vacated." *Id.*

Petitioner's purported status as a Moorish American does not place him beyond the reach of federal or state law. *See, e.g., United States v. Toader*, 409 F. App'x 9, 13 (7th Cir. 2010) (rejecting as frivolous arguments "that the federal courts lack subject matter jurisdiction over [the defendant] and that the laws he is charged with violating are inapplicable to him because he

3

is a Native Asiatic Moorish National Citizen"); *Pitt-Bey v. District of Columbia*, 942 A.2d 1132, 1135 (D.C. 2008) (rejecting claims that criminal defendant was "immune from prosecution in the Superior Court of the District of Columbia" and that he "should be accorded diplomatic immunity pursuant to federal law" based on his status as a member of The Nation of Moorish Americans).

Because the petition "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 213, 325 (1989), it is frivolous and subject to dismissal, *see* 28 U.S.C. §§ 1915(e)(2)(B)(i), 1915A(b)(1); *see also El Bey v. New Jersey*, No. 14-1221, 2014 WL 4197572, at *1 (D.D.C. Aug. 20, 2014). An Order consistent with this Memorandum Opinion is issued separately.

DATE: 4/14/17

United States District Judge

2